# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DELLA SHAW, SHERLYNE TURNER, BERTHA JOHNSON and MARTHA RAND, ) ) ) | |
| Plaintiffs, ) ) | |
| ) | Case No. 17-CV-610-GKF-JFJ |
| v. ) ) | |
| CHEROKEE MEADOWS, LP, CARLAND GROUP, LLC, RED BUD CONTRACTORS, LLC, CARLAND PROPERTIES, LLC, and BLACKLEDGE & ASSOCIATES, ) ) ) ) ) ) ) | |
| Defendants. ) | |

## OPINION AND ORDER

This matter comes before the court on the Motion to Dismiss Contingent Crossclaim [Doc. No. 30] of defendant Blackledge & Associates. For the reasons below, the motion is granted.

## I.  Background and Allegations of the Contingent Crossclaim

This case arises from alleged violations of the Fair Housing Act ("FHA"), Americans with Disabilities Act ("ADA"), Rehabilitation Act, and Uniform Federal Accessibility Standards at the Cherokee Meadows Apartments. Cherokee Meadows Apartments is a forty-eight (48) unit multi-family, affordable housing project (the "Project") for persons aged sixty-two or older developed in 2016 by Carland Group LLC. Plaintiffs are tenants of Cherokee Meadows Apartments who allege that the Project includes artificial barriers—including curbs, unpowered garage doors, walking paths, toilets, and showers—that exclude persons with disabilities and do not comply with federal statutes. Plaintiffs further allege that defendants refuse to grant reasonable modification requests. Based on these general allegations, the Complaint asserts the following claims against defendants: (1) failure to design and construct the Project in a readily accessible and usable manner

in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(C); (2) discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604(f); (3) violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (4) violation of the Americans with Disabilities Act, 42 U.S.C. § 12132[1]; and (5) breach of contract.

Defendants Carland Group LLC and Cherokee Meadows, LP filed a Contingent Crossclaim against defendant Blackledge & Associates. [Doc. No. 18, pp. 16-18]. The Contingent Crossclaim alleges the following facts. On February 24, 2015, Cherokee Meadows LP entered into a written contract with Blackledge for Blackledge to provide architectural services in connection with the Project. [*Id.* ¶ 5]. As architect, Blackledge exercised control over design of the Project. [*Id.*]. Plaintiffs allege that certain aspects of the Project, as designed and constructed, violate federal statutes. [*Id.* ¶ 6]. Blackledge specified and/or approved the design features that form the basis of plaintiffs' claims. [*Id.* ¶ 7]. Thus, "in the event it is determined that Plaintiffs' suit allegations are correct, in whole or in part, the Carland Group and Cherokee are entitled to judgment over and against Blackledge to the extent of any damages awarded in favor of Plaintiffs." [*Id.*]. Carland Group and Cherokee Meadows, LP further seek from Blackledge attorneys fees and costs incurred in defending this lawsuit. [*Id.*].

## II. Motion to Dismiss Standard

In considering a motion to dismiss under FED. R. CIV. P. 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief can be granted. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility requirement "does not impose a probability

---

[1] Pursuant to the order of June 8, 2018, the court dismissed the claim for violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 against defendant Blackledge & Associates. [Doc. No. 46].

requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of the conduct necessary to make out the claim. *Id.* at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)).

**III.     Analysis**

Blackledge seeks dismissal of the Crossclaim on the basis of federal preemption, arguing that the FHA, ADA, and Rehabilitation Act preempt Carland Group and Cherokee Meadows' state law indemnity claim.[2] [Doc. No. 30]. In response, Carland Group and Cherokee Meadows assert that the crossclaim is not solely for indemnity, and, instead, is premised on multiple theories of recovery including: (1) breach of contract; (2) express or implied indemnity arising from the parties' contractual relationship; (3) negligence; and (4) contribution. [Doc. No. 40, pp. 3-4, 7-8]. Accordingly, the court will first consider the nature of Carland Group and Cherokee Meadows' Crossclaim.

---

[2] Blackledge's motion to dismiss also argues preemption prohibits indemnification for liability imposed for violations of the Uniform Federal Accessibility Standards. *See* [Doc. No. 30, pp. 10-11]. However, plaintiffs' Complaint does not assert a separate claim for violation of the Uniform Federal Accessibility Standards. *See* [Doc. No. 2]. Nor would such a claim exist. *DeFrees v. West*, 988 F. Supp. 1390, 1393 (D. Kan. 1997) ("[T]he [Uniform Federal Accessibility Standards] serve as standards by which to measure compliance with the requirements of the ADA, the Rehabilitation Act, and the Architectural Barriers Act of 1968 (ABA), 42 U.S.C. §§ 4151 *et seq.* As such, they do not provide for separate and distinct causes of action apart from the relevant act.") (internal citations omitted). Accordingly, to the extent the Crossclaim relates to the Uniform Federal Accessibility Standards, the court need only consider the FHA, ADA, and Rehabilitation Act.

*A.  Nature of Crossclaim*

As previously stated, the Crossclaim alleges, "in the event it is determined that Plaintiffs' suit allegations are correct, in whole or in part, then Carland Group and Cherokee are entitled to judgment over and against Blackledge to the extent of any damages awarded in favor of Plaintiffs." [Doc. No. 18, ¶ 7]. Accordingly, if judgment is entered against Carland Group and Cherokee Meadows, these defendants seek judgment "in the *same amount* over and against" Blackledge, as well as all attorneys' fees and costs. [*Id.*, p. 18 (emphasis added)].

Under Oklahoma law, "[i]ndemnity is available where 'one party has a primary liability or duty that requires that party to bear the whole of the burden as between certain parties.'" *Caterpillar Inc. v. Trinity Indus., Inc.*, 134 P.3d 881, 886 (Okla. Civ. App. 2005) (quoting *Thomas v. E-Z Mart Stores, Inc.*, 102 P.3d 133, 139 (Okla. 2004)). "The right exists when one who is only constructively liable to the injured party and is in no manner responsible for the harm is compelled to pay damages for the tortious act of another." *Id.* No right of indemnity exists between joint tortfeasors. *Thomas*, 102 P.3d at 140.

Contribution, on the other hand, "allows a plaintiff's loss to be distributed between or among joint tortfeasors pro rata, whether or not plaintiff sued all the tortfeasors." *Guideone Am. Ins. Co. v. Shore Ins. Agency, Inc.*, 259 P.3d 864, 870 (Okla. Civ. App. 2011). Oklahoma provides a statutory right of contribution, but such right "exists only in favor of a tort-feasor who has paid more than their pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share." 12 OKLA. STAT. § 832(B). No right of contribution exists for claims "that the party against whom contribution is sought is solely liable to the plaintiff, or that the party seeking contribution is not liable at all." *Daugherty v. Farmers Coop. Ass'n,* 790 P.2d 1118, 1120-21 (Okla. Civ. App. 1989).

Here, the Crossclaim disclaims Carland Group and Cherokee Meadows' liability and seeks to recover for the entirety of any judgment entered against the crossclaimants in this case. [Doc. No. 18, pp. 17-18]. Although Carland Group and Cherokee Meadows now assert that they "do not seek to recover from Blackledge for their own alleged violations of those federal regulations" and "merely seek to ensure Blackledge shares proportionally in its responsibility for Plaintiffs' damages (if any) . . . .," [Doc. No. 40, pp. 2-3], the Crossclaim cannot reasonably be construed to seek only those damages attributable to Blackledge. As previously stated, the Crossclaim seeks judgment "in the same amount and over and against [Blackledge]" of any judgment in favor of plaintiffs against Carland Group and Cherokee Meadows, and includes no limitation to Blackledge's negligence—*i.e.*, Blackledge's pro rata share. [Doc. No. 18, pp. 17-18]. Because the Crossclaim effectively seeks to shift all liability to plaintiffs from Carland Group and Cherokee Meadows to Blackledge, the Crossclaim cannot reasonably construed to seek contribution. *See Daugherty,* 790 P.2d at 1120-21. Rather, the court interprets the Crossclaim to assert a single indemnity claim.[3] The court will next consider whether the FHA, ADA, and Rehabilitation Act preempt a state law indemnity claim.

B. *Preemption*

Preemption is based on the Supremacy Clause of the Constitution which provides "[t]his Constitution, and the Laws of the United States which shall be made in Pursuance thereof . . . shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing

---

[3] In addition to indemnity and contribution, Carland Group and Cherokee Meadows' response to the motion to dismiss argues the Crossclaim is premised on negligence and breach of contract. However, the Crossclaim does not raise either of these theories of recovery. In fact, it does not include the words "negligence" or "breach," or seek damages separate and apart from the amount of judgment entered against Carland Group and Cherokee Meadows. [Doc. No. 18, pp. 17-18]. Insofar as claims for breach of contract and negligence are not pled, they are not matters that the court need address.

in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. CONST. art. VI, cl. 2. The Supreme Court recognizes three types of preemption—"conflict," "express," and "field." *Murphy v. Nat'l Collegiate Athletic Ass'n*, 138 S. Ct. 1461, 1480 (2018). Blackledge's motion to dismiss relies upon conflict preemption. Conflict preemption occurs "either when compliance with both the federal and state laws is a physical impossibility, *or when the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress*." *Cerveny v. Aventis, Inc.*, 855 F.3d 1091, 1098 (10th Cir. 2017) (emphasis added) (quoting *Mount Olivet Cemetery Ass'n v. Salt Lake City*, 164 F.3d 480, 486 (10th Cir. 1998)).

Blackledge does not cite, nor has the court identified, Tenth Circuit authority considering preemption of state law indemnity claims by the FHA, ADA, or Rehabilitation Act. Rather, Blackledge primarily relies on a Fourth Circuit case—*Equal Rights Center v. Niles Bolton Associates*, 602 F.3d 597 (4th Cir. 2010).

In that case, the Equal Rights Center and other disability groups filed a lawsuit against Archstone Multifamily Series I Trust, a developer and owner of multi-family housing projects, and Niles Bolton Associates, an architecture firm used to design the multi-family apartments, asserting failure to design and construct the housing to be FHA and ADA compliant. *Equal Rights Ctr.,* 602 F.3d at 598-99. Following its settlement of the claims with plaintiffs, Archstone filed a cross-claim against Niles Bolton asserting four state law claims: (1) express indemnity; (2) implied indemnity; (3) breach of contract; and (4) professional negligence. *Id.* at 599. Pursuant to the crossclaim, Archstone sought to recover damages, attorney's fees, and costs paid by Archstone to plaintiffs, as well as indemnification for costs to modify the property to be ADA compliant. *Id.*

Noting "[t]he Supreme Court has found state-law claims preempted under [conflict] preemption where a state-law claim 'interferes with the methods by which the federal statute was

designed to reach [its] goal,'" the court considered the respective goals of the FHA and ADA—to provide fair housing and eliminate discrimination against individuals with disabilities. *Id.* at 601-02 (quoting *Gade v. Nat'l Solid Wastes Mgmt. Ass'n*, 505 U.S. 88, 103 (1992)). Because an entity's obligations under the statutes are "nondelegable," the Fourth Circuit concluded that

> [a]llowing an owner to completely insulate itself from liability for an ADA or FHA violation through contract diminishes its incentive to ensure compliance with discrimination laws. If a developer of apartment housing, who concededly has a non-delegable duty to comply with the ADA and FHA, can be indemnified under state law for its ADA and FHA violations, then the developer will not be accountable for discriminatory practices in building apartment housing. Such a result is antithetical to the purposes of the FHA and ADA.

*Id*. at 602. Thus, the FHA and ADA preempted Archstone's indemnification crossclaims.[4] *Id.*

Other federal district courts consistently adopt the reasoning of *Equal Rights Center* to preempt state law indemnity claims. *See Indep. Living Ctr. of S. Cal. v. City of Los Angeles,* No. CV-12-0551-FMO, 2014 WL 12586243 (C.D. Cal. Sept. 23, 2014) (indemnity claim for violations of ADA and Rehabilitation Act); *Downing v. Osceola Cnty. Bd. of Cnty. Comm'rs,* No. 16-CV-872-ORL-40KRS, 2017 WL 5495138 (M.D. Fla. Nov. 16, 2017) (indemnity claim for violations of ADA and Rehabilitation Act); *United States v. Bryan Co*, No. 11-CV-302-CWR-LRA, 2012 WL 2051861 (S.D. Miss. June 6, 2012) (indemnity claim for violations of FHA and ADA); *Miami*

---

[4] *Equals Rights Center* also preempted the state law claims for breach of contract and negligence. *Id.* at 602. Although Archstone argued that the claims sought to enforce duties owed by the architect to Niles Bolton, the court held "this argument fails because Archstone really seeks to have Niles Bolton pay *all* damages that arise under the FHA and ADA at these sites." *Id.* (emphasis in original). Thus, the breach of contract and negligence claims were nothing more than *de facto* indemnification claims and, therefore, also preempted. *Id.* Although this court has already concluded that the Crossclaim does not plead a claim for either breach of contract or negligence, assuming *arguendo* that such claims were plead, they would likewise be preempted as the Crossclaim seeks to impose liability on Blackledge for *all* damages awarded against Carland Group and Cherokee Meadows in favor of plaintiffs. [Doc. No. 18].

*Valley Fair Hous. Ctr., Inc. v. Campus Village Wright St., LLC,* No. 10-CV-00230, 2012 WL 4473236 (S.D. Ohio Sept. 26, 2012) (indemnity claim for violations of FHA).[5]

The court is persuaded by and applies the reasoning of *Equal Rights Center* and other federal district courts in this case. To permit Carland Group and Cherokee Meadows to completely offset its liability in this case through an indemnity crossclaim is antithetical to the purposes of the FHA, ADA, and Rehabilitation Act. Thus, the Crossclaim is preempted

## IV. Motion to Amend

In opposition to the motion to dismiss the Crossclaim, Carland Group and Cherokee Meadows request, alternatively, that the court grant permission to amend the Complaint. Local Civil Rule 7.2(*l*) provides that all motions to amend "shall be accompanied by a proposed order submitted pursuant to the Administrative Guide which specifically sets forth what is being amended." Carland Group and Cherokee Meadows' request does not comply with LCvR 7.2(*l*), and is therefore denied. Carland Group and Cherokee Meadows may file a motion for leave to amend that complies with LCvR 7.2(*l*) no later than Tuesday, June 26, 2018.

## V. Conclusion

WHEREFORE, the Motion to Dismiss Contingent Crossclaim [Doc. No. 30] of defendant Blackledge & Associates is granted.

DATED this 12th day of June, 2018.

*/s/ Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE

---

[5] Although not cited by Carland Group and Cherokee Meadows, the court notes that the Ninth Circuit disagreed with the *Equal Rights Center* case. *See City of Los Angeles v. AECOM Servs., Inc.,* 854 F.3d 1149 (9th Cir. 2017). However, the Ninth Circuit case is distinguishable as, in that case, the crossclaim asserted a claim for *contribution* and sought damages only for the crossclaim defendant's own negligence or wrongdoing. *Id.* at 1160-61. The Crossclaim in this case cannot reasonably be construed to assert a claim for contribution.