# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

DELLA SHAW, SHERLYNE TURNER, )
BERTHA JOHNSON and MARTHA RAND, )
                                                        )
      Plaintiffs, )
                                                        )    Case No. 17-CV-610-GKF-JFJ
v. )
                                                        )
CHEROKEE MEADOWS, LP, )
CARLAND GROUP, LLC, RED BUD )
CONTRACTORS, LLC, CARLAND )
PROPERTIES, LLC, and BLACKLEDGE & )
ASSOCIATES, )
                                                        )
     Defendants. )

## OPINION AND ORDER

This matter comes before the court on the Motion for Leave to Amend Crossclaim [Doc. No. 48] of defendants Cherokee Meadows, LP and Carland Group, LLC. For the reasons discussed herein, the motion is granted in part and denied in part.

### I.  Background and Procedural History

This case arises from alleged violations of the Fair Housing Act ("FHA"), Americans with Disabilities Act ("ADA"), Rehabilitation Act, and Uniform Federal Accessibility Standards at the Cherokee Meadows Apartments. Cherokee Meadows Apartments is a forty-eight (48) unit multi-family, affordable housing project (the "Project") for persons aged sixty-two or older developed in 2016 by Carland Group LLC. Plaintiffs are tenants of Cherokee Meadows Apartments who allege that the Project includes artificial barriers—including curbs, unpowered garage doors, walking paths, toilets, and showers—that exclude persons with disabilities and do not comply with federal statutes. Plaintiffs further allege that defendants refuse to grant reasonable modification requests. Based on these general allegations, the Complaint asserts the following claims against

defendants: (1) failure to design and construct the Project in a readily accessible and usable manner in violation of the Fair Housing Act, 42 U.S.C. § 3604(f)(3)(C); (2) discrimination in violation of the Fair Housing Act, 42 U.S.C. § 3604(f); (3) violation of section 504 of the Rehabilitation Act, 29 U.S.C. § 794; (4) violation of the Americans with Disabilities Act, 42 U.S.C. § 12132[1]; and (5) breach of contract.

Defendants Carland Group LLC and Cherokee Meadows, LP (collectively, "Carland Defendants") previously filed a Contingent Crossclaim for indemnity against defendant Blackledge & Associates, which this court dismissed. [Doc. No. 18, pp. 16-18; Doc. No. 47]. Carland Defendants now seek leave to amend the Crossclaim to assert four claims: (1) contribution; (2) breach of contract; (3) negligence; and (4) indemnity (express or implied). [Doc. No. 48]. Blackledge did not respond to the motion to amend.[2]

## II. Motion to Amend Standard

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleading once as a matter of course within twenty-one (21) days of service or, if the pleading is one to which a responsive pleading is required, within 21 days of service of the responsive pleading or motion. FED. R. CIV. P. 15(a)(1).[3] "In all other cases, a party may amend its pleading only with the opposing party's

---

[1] Pursuant to the order of June 8, 2018, the court dismissed the claim for violation of the Americans with Disabilities Act, 42 U.S.C. § 12132 against defendant Blackledge & Associates. [Doc. No. 46].

[2] Although Local Civil Rule 7.2(e) permits the court to deem confessed any non-dispositive motion that is not opposed, the court declines to do so as the motion to amend represents that Blackledge opposes the motion.

[3] In the Tenth Circuit, "[a]fter a scheduling order deadline, a party seeking leave to amend must demonstrate (1) good cause for seeking modification under FED. R. CIV. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Gorsuch, Ltd. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014). Although the deadline to amend pleadings was March 27, 2018, good cause exists in this case, as the court did not rule on the motion to dismiss the Crossclaim

written consent or the court's leave." FED. R. CIV. P. 15(a)(2). Although leave to amend should be freely given "when justice so requires," FED. R. CIV. P. 15(a)(2), "denial of a motion to amend may be appropriate where there has been shown 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Steadfast Ins. Co. v. Agric. Ins. Co.*, No. 05-CV-126-GKF-TLW, 2014 WL 1901175, at *4 (N.D. Okla. May 13, 2014) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "'[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006) (alteration in original) (quoting *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)).

## III.   Analysis

In its prior Opinion and Order, this court joined with those courts holding that the FHA and ADA pre-empt state-law indemnification claims. The court adopted the Fourth Circuit's reasoning that an entity's obligations under the FHA and ADA are "nondelegable" and therefore "[a]llowing an owner to completely insulate itself from liability for an ADA or FHA violation through contract diminishes its incentive to ensure compliance with discrimination laws" and is "antithetical to the purposes of the FHA and ADA." *See* [Doc. No. 47, p. 7 (quoting *Equal Rights Center v. Niles Bolton Associates*, 602 F.3d 597 (4th Cir. 2010)]. Because the Carland Defendants' original Crossclaim sought to completely offset its liability in this case, the Crossclaim was pre-empted. [*Id.* p. 8].

---

until June 12, 2018. In the Opinion and Order dismissing the Crossclaim, the court stated the Carland Defendants may file a motion for leave to amend no later than June 26, 2018. [Doc. No. 47, p. 8]. The Carland Defendants timely filed the motion to amend pursuant to this court's order.

- 3 -

The Carland Defendants' motion to amend again requires the court to consider the nature of the crossclaims asserted and to conduct a pre-emption analysis. The proposed Amended Crossclaim generally alleges:

> Many of the design features which form the basis of Plaintiffs' claims were specified, approved and/or inspected by Blackledge. Carland Group and Cherokee expressly deny Plaintiffs' claims. Notwithstanding their denial, Blackledge would be liable to the Carland Defendants to the extent of any damages assessed against the Carland Defendants that are directly attributable to the actions/omissions of Blackledge. Carland Group and Cherokee are entitled to judgment over and against Blackledge in an amount equal to any damages assessed against the Carland Defendants and based on the design deficiencies alleged by the Plaintiffs.

[Doc. No. 48-1, ¶ 7]. The Carland Defendants seek leave to amend to assert four separate crossclaims: (1) contribution; (2) breach of contract; (3) negligence; and (4) indemnity (express or implied). [Doc. No. 48].

First, with regard to the contribution claim, Oklahoma provides a statutory right of contribution, but such right "exists only in favor of a tort-feasor who has paid more than their pro rata share of the common liability, and the total recovery is limited to the amount paid by the tort-feasor in excess of their pro rata share." 12 OKLA. STAT. § 832(B). The Carland Defendants seek "judgment against Blackledge for that portion of damages imposed upon them, in excess of their own pro rata share of liability, arising from alleged design deficiencies, acts or omissions on the part of Blackledge." [Doc. No. 48-1, ¶ 22]. The contribution crossclaim therefore seeks contribution within the scope of Oklahoma law.

As noted by this court in its prior order, the Ninth Circuit disagreed with the *Equal Rights Center* case, adopted by this court, to conclude that neither the ADA nor the Rehabilitation Act pre-empted state law *contribution* claims. *See City of Los Angeles v. AECOM Servs., Inc.,* 854 F.3d 1149, 1161 (9th Cir. 2017). The Ninth Circuit distinguished contribution crossclaims from preempted indemnity crossclaims, reasoning that contribution crossclaims "seek[] only to collect

for violations arising out of *[crossclaim defendant's] own negligence or wrongdoing*" and allowing "redress for liability incurred by virtue of a third-party contractor's actions does not plausibly pose an obstacle to the intended purpose and effect of Title II or § 504." *Id.* at 1160-61 (emphasis in original). Rather, the court concluded that permitting contribution furthered the regulatory purpose of the statute, as "the entity best situated to ensure full compliance may well be the contractor tasked with designing or constructing the public resource in question, and precluding . . . contribution reduces a contractor's incentives to do so." *Id.* at 1161. The court is persuaded by the Ninth Circuit's reasoning, and concludes that the FHA, ADA, and Rehabilitation Act do not preempt contribution crossclaims.

The Carland Defendants also seek leave to amend to assert crossclaims for breach of contract, negligence, and indemnity (express or implied). These claims seek "judgment against Blackledge, but only for damages, attorneys' fees and costs directly attributable to Blackledge's" breach of contract, acts, and omissions, as well as "damages for the costs necessary to modify the Project into compliance with the FHA, ADA, RA and UFAS." [Doc. No. 48-1, ¶¶ 27, 31, and 36].

In contrast to contribution, under Oklahoma law, "[i]ndemnity is available where 'one party has a primary liability or duty that requires that party to bear the whole of the burden as between certain parties.'" *Caterpillar Inc. v. Trinity Indus., Inc*., 134 P.3d 881, 886 (Okla. Civ. App. 2005) (quoting *Thomas v. E-Z Mart Stores, Inc*., 102 P.3d 133, 139 (Okla. 2004)). "The right exists when one who is only constructively liable to the injured party and is in no manner responsible for the harm is compelled to pay damages for the tortious act of another." *Id.* No right of indemnity exists between joint tortfeasors. *Thomas*, 102 P.3d at 140.

To the extent these claims seek judgment in favor of the Carland Defendants against Blackledge for that portion of damages imposed upon them in excess of their own pro rata share

of liability, the claims constitute *de facto* contribution claims and are duplicative of the contribution crossclaim. To the extent these claims seek to completely offset the Carland Defendants' liability—including for the entire cost necessary to modify the Project into compliance with the FHA, ADA, RA and UFAS—the claims constitute *de facto* indemnity claims and are pre-empted pursuant this court's prior analysis. *See* [Doc. No. 47]. Accordingly, to the extent not seeking contribution, the proposed crossclaims for breach of contract, negligence, and indemnity (express or implied) are pre-empted, and amendment would be futile.

**IV.   Conclusion**

WHEREFORE, the Motion for Leave to Amend Crossclaim [Doc. No. 48] of defendants Cherokee Meadows LP and Carland Group, LLC is granted in part and denied in part. The Carland Defendants shall file an Amended Crossclaim for contribution no later than July 26, 2018.

DATED this 19th day of July, 2018.

*/s/ Gregory K. Frizzell*
GREGORY K. FRIZZELL, CHIEF JUDGE